## CARREÑO, PLAINTIFF AND APPELLEE, v. RUSSELL & CO., DEFENDANTS AND APPELLANTS.

APPEAL from the District Court of Ponce in an Action for Damages.

No. 2887.—Decided July 18, 1923.

DAMAGES—NEGLIGENCE—EVIDENCE.—The ownership of an automobile may be shown by parol evidence.

ID.—ID.—GROSS NEGLIGENCE.—On proof that an agent of the defendants operated a hand-car belonging to defendants over a grade-crossing with his back to the highway and without putting the chains in place or ascertaining that the road was clear, it follows that the defendants were guilty of gross negligence and therefore liable for the damages caused.

ID.—ID.—The fact that the driver of a car on a railroad track has been given the right of way does not warrant his crossing a public road over which the rails are laid without taking precautions.

The facts are stated in the opinion.

Mr. F. Manuel Toro for the appellants.

Mr. E. Flores Colón for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The plaintiff, a minor represented by her guardian *ad litem,* sued the defendants for the sum of $2,800 damages. She alleged that on October 4, 1921, while her automobile was passing a certain grade crossing on the road between Ponce and Santa Isabel it was negligently struck by a hand-car of the defendants, causing damages in the amount claimed. The defendants answered. They admitted the collision of the two vehicles, but alleged that it was due to the negligence of the plaintiff. During the trial both parties introduced evidence and the court inspected the place, albeit there is no showing in the record of this fact. On August 9, 1922, the court rendered judgment against the defendants for the sum of $995.

The defendants appealed, assigning in their brief the following errors: 1, the court erred in finding that the auto-

mobile was the property of the plaintiff; 2, the court erred in fixing the amount of the damages; 3, the court erred in not finding that the accident was due to the plaintiff's negligence, and 4, the court erred in not recognizing the right of way of the defendants.

As may be seen, the question is reduced to the weighing of the evidence.

In our opinion there is sufficient evidence in the record to show that the damaged automobile belonged to the plaintiff. It was not necessary to produce documentary evidence. Witness José Toro testified positively that it belonged to the minor and explained how it had been purchased and paid for. The court believed his testimony. The cross-examination by the defendants with regard to the source of the money raises some doubts, but they are not sufficient of themselves to destroy the credibility of the witness.

In its statement of the case and opinion the trial court explained that the sum of $995 ordered to be paid is made up as follows: $600 for depreciation in the value of the automobile, $225 for the expense of repairing the damages and $170 for unearned profits.

We have examined the evidence and it contains a sufficient basis for the conclusions of the trial court. The court fixed the minimum sums. Everything depends upon the credibility of the witnesses. The appellants have not shown that the court abused its discretion.

As to which of the parties is to blame for the accident, the evidence is contradictory. We have already said that there is nothing in the record to show the result of the inspection made by the court except its conclusion. This evidence must have been very important because from it the judge could assure himself of the existence of the cane field referred to by the plaintiff's witnesses which prevented her from seeing the hand-car. An examination of the record

shows that the plaintiff's chauffeur was not really as diligent as he should have been, but it also shows gross negligence on the part of the defendants in that the operator had his back to the road on entering the grade crossing, that the chains were not up and that as they were not in place he did not ascertain whether some person, animal or vehicle was crossing the track at that moment.

The defendants maintain that because of the fact that their operator was told by the owner of the private railroad that crossed the road that he had a clear track ahead, he could cross the public road without taking any precaution. His right does not extend that far. The owner of the railroad, in giving the right of way, could order that none of his engines should intercept it, but could not use the road exclusively without taking precautions. The road was built by The People for the benefit of the people and the owner of the railroad is simply a part of the people like the plaintiff. The permit granted to the defendants to construct their track across the road and run their locomotives, hand-cars and railroad cars on it is not exclusive and does not exempt them from the exercise of proper care. Such permits are granted under obligation by the grantees to place barriers or chains or to adopt other precautions when they use the track. In this case nothing was done.

By virtue of all the foregoing the judgment appealed from must be

*Affirmed.*

Justices Wolf, Aldrey, Hutchison and Franco Soto concurred.